**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
JORDAN S., a minor, by and through his
Parents and next friends,
SUZANNE AND JEFFERY S.,

                       Plaintiff,                  **DECISION
                                                                      AND ORDER**

    - against -
                                                                           CV 08-1446 (LDW) (AKT)

**HEWLETT WOODMERE UNION
FREE SCHOOL DISTRICT,**

                       Defendant.
---------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Plaintiff Jordon S., a minor, by and through his parents and next friends, Suzanne and Jeffery S. ("Plaintiff") moves the Court for permission to submit additional evidence in support of his claim that Defendant Hewlett-Woodmere Union Free School District ("Defendant" or the "District") failed to provide him with a free and appropriate public education as required under the Individual with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401 *et seq*. (2006). In addition, Plaintiff requests the Court's permission to conduct discovery and to submit any additional evidence obtained through the discovery process. Defendant opposes both motions, and cross-moves for the right to conduct meaningful discovery pursuant to the Federal Rules of Civil Procedure in the event the Court allows the submission of additional evidence.

      For the reasons set forth below, Plaintiff's motion is GRANTED in part and DENIED in part. Defendant's motion is GRANTED, on the limited basis discussed below.

## I. BACKGROUND

Plaintiff is a fourteen-year-old student who has been diagnosed with autism and apraxia. His parents bring this action against the District pursuant to IDEA. On June 21, 2006, the District, through the Committee on Special Education (the "CSE"), recommended that Plaintiff be placed for the 2006-2007 school year, at BOCES, a self-contained special education school, as part of Plaintiff's Individualized Education Plan ("IEP"). According to Plaintiff, Defendant's placement of Plaintiff at BOCES was overly restrictive, inappropriate, and failed to provide Plaintiff with free and appropriate public education as mandated by IDEA.

Plaintiff's parents unilaterally enrolled Plaintiff at Kulanu Torah Academy ("KTA") for the 2006-2007 school year. On November 14, 2006, Plaintiff requested a hearing to determine eligibility for reimbursement of tuition paid to KTA, as well as reimbursement for the services of a behavioral consultant, an inclusion specialist and attorney's fees. Following a six-day hearing, which concluded on June 18, 2007, the Independent Hearing Officer ("IHO") rendered a written decision. The IHO concluded that Defendant's placement at BOCES was overly restrictive, but further found that Plaintiff's placement at KTA was not appropriate. The IHO determined that Plaintiff was not entitled to reimbursement of tuition and related services. It was the position of the IHO that Plaintiff's parents had failed to demonstrate that Plaintiff had the cognitive abilities to derive meaningful educational benefit from inclusion in regular education classes.

In June 2007, immediately following the hearing before the IHO, the CSE developed a new IEP for Plaintiff for the 2007-2008 school year. Rather than recommending BOCES for a

second year, the IEP recommended Plaintiff's placement in a general education school, similar to KTA.

In October 2007, both parties appealed the decision of the IHO to the New York State Review Officer ("SRO"). On December 10, 2007, the SRO reversed the IHO's decision that Defendant's placement at BOCES was overly restrictive. In reaching its determination, the SRO refused to consider the IEP for the 2007-2008 school year. On April 7, 2008, Plaintiff filed this action appealing the determination of the SRO.

Presently, Plaintiff is seeking to admit two categories of evidence in support of his appeal of the SRO's December 2007 decision: (1) evidence from KTA sufficient to demonstrate Plaintiff's educational progress since the administrative proceedings, and (2) the notice of the 2007-2008 CSE meeting and the resulting 2007-2008 IEP.

**II.    DISCUSSION**

Generally, IDEA requires the reviewing court to receive records from the administrative proceedings and to grant appropriate relief. IDEA provides that:

> [T]he court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

20 U.S.C. § 1415(e)(2). IDEA " 'by no means [extends] an invitation to the courts to substitute their own notions of sound education policy for those of the school authorities which they review.'" *M.S. v. Bd. of Educ. of the City Sch. Dist. of the City of Yonkers*, 231 F.3d 96, 102 (2d Cir. 2000) (quoting *Bd. of Educ. of Hendrick Hudson Central Sch. Dist. v. Rowley,* 458 U.S. 176,

3

206 (1982)). Courts must "give 'due weight' to these [administrative] proceedings, mindful that the judiciary generally 'lacks the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy.'" *M.S.*, 231 F.3d at 102 (quoting *Walczak v. Florida Union Free Sch. Dist.*, 142 F.3d 119, 129 (2d Cir. 1998)).

In *Town of Burlington v. Dep't of Educ. for Mass.*, 736 F.2d 773 (1st Cir. 1984), the First Circuit construed the statutory term "'additional' in the ordinary sense of the word, to mean supplemental," warning that "the trial court [ ] must be careful not to allow such evidence to change the character of the hearing from one of review to a trial *de novo*." *Burlington*, 736 F.2d at 790-91. The court noted that

> The reasons for supplementation will vary; they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing.

*Id.* at 790. IDEA does not permit a party, the court explained, to duplicate testimony already provided at the administrative hearing. *Id.* "A lenient standard for additional evidence would have the consequence of making the whole IDEA process more time consuming, as parties scrambled to use the federal court proceeding to patch up holes in their administrative case. Whether this lengthy process would serve students is doubtful at best." *Springer v. Fairfax County Sch. Bd.*, 134 F.3d 659, 667 (4th Cir. 1998).

### A. Evidence Demonstrating Plaintiff's Progress

Plaintiff requests permission to provide the Court report cards and progress reports from James Sanborn, a behavioral specialist, Beth LaKretz, an inclusion specialist, teachers and administrators at KTA and any other related service providers. According to Plaintiff, this

4

evidence is not duplicative of any information that was brought before the administrative officers and originated subsequent to the June 18, 2007 hearing before the IHO.

Defendant objects to the submission of this evidence because, to the extent it relates to the 2007-2008 school year, it is beyond the scope of permissible additional evidence and also because Plaintiff has failed to provide the Court with "particularized and compelling" justification for each of the proposed submissions.

Generally, "[e]vidence of the student's progress at the unilateral placement is relevant to the determination of whether the parents' unilateral placement was appropriate." *Jennifer D. ex rel. Travis D. v. New York City Dept. of Educ.*, 550 F. Supp. 2d 420, 429 (S.D.N.Y. 2008) (citing *Gagliardo II*, 489 F.3d at 115; *Frank G. v. Bd. of Educ.*, 459 F.3d 356, 366-67 (2d Cir. 2006)). However, "[e]vidence as to . . . progress several years after an administrative decision does not necessarily show that the same placement would have been appropriate several years earlier." *Lillbask v. Sergi*, 193 F. Supp. 2d 503, 507 (D.Conn. 2002).

Plaintiff seeks to admit evidence of his success in both self-contained classes and general education classes at KTA. Pl.'s Reply Mem. at 2. This evidence includes Plaintiff's request to submit report cards and progress reports from KTA and specifically identified specialists. To the extent these reports were not available at the time of the June 18, 2007 hearing, this request is reasonable and shall be GRANTED. However, Plaintiff shall not be permitted to submitted additional evidence of this sort to the extent it is duplicative of the reports provided to the IHO.

By contrast, Plaintiff's request to provide "evidence . . . from other providers regarding Jordan's progress" is less compelling. This request does not provide the Court with enough information for the Court to assess whether such evidence should be permitted. *See A.S. v.*

*Trumbull Board of Education*, 359 F. Supp.2d 102, 104 (D.Conn. 2005). As in *Trumbull*, the Court

> cannot determine from Plaintiffs' vague description of the documents whether the evidence they contain would truly be supplemental rather than duplicative. Nor can the Court decide whether any particular additional document will assist the Court in determining whether the hearing officer erred in her ruling.

*Id.*

Thus, Plaintiff shall be permitted to submit non-duplicative report cards and progress reports from James Sanborn, a behavioral specialist, Beth LaKretz, an inclusion specialist, teachers and administrators at KTA and, his motion is GRANTED, to that extent. To the extent Plaintiff seeks to introduce evidence from other unidentified providers, the motion is DENIED.

**B.     2007-2008 IEP and CSE Notice**

Plaintiff also requests permission to submit the notice of the 2007-2008 CSE meeting and the resulting 2007-2008 IEP. This information was not available at the time of the IHO hearing. Plaintiff attempted to submit this evidence to the SRO, however, the SRO did not consider this evidence necessary to enable it to render its decision. Defendant argues that since the SRO refused to consider this evidence, this Court should also refuse to consider it.

The Court finds that Plaintiff has established a good faith basis for supplementing the record with this additional evidence. In particular, the Court finds significant the following argument raised by Plaintiff's counsel:

> Although Defendant asserts that Plaintiff had the opportunity to admit the 2007-2008 IEP, the 2007-2008 IEP could never have been admitted into evidence before the Independent Hearing Officer. The IDEA and the relevant regulations require that a party provide notice of the submission of evidence at least five business days prior

6

> to the hearing . . .. The State Review Officer, however, misread both
> the federal statute and regulations when he refused to admit the IEP
> and notice of CSE meeting into evidence, indicating that the evidence
> could have been entered during the hearing due to the mid-July record
> close date, almost a month after the final hearing on June 18, 2007.
> The statute and regulations do not speak to a record close date in
> regard to submission of evidence, but rather to the hearing date.
> Plaintiff could not have submitted the 2007-2008 IEP five days before
> the hearing on June 18, 2007, as the notice of the CSE meeting is
> dated June 25, 2007, and the 2007-2008 IEP was dated June 29, 2007.
> Indeed, the 2007-2008 was not provided to the parent until mid-July.

Plaintiff's entire appeal is premised upon Plaintiff's position that the 2006-2007 IEP recommended Plaintiff's placement in a setting that was overly restrictive. The 2007-2008 IEP, completed in June 2007, recommended a less restrictive placement. This recommendation was not available at the time of the IHO hearing. In *Danielle G. v. New York City Depart. Of Educ*, No. 06-2152, 2008 WL 3286579, at *3 (E.D.N.Y. Aug. 7, 2008), the court noted that it had previously allowed into evidence a 2007 IEP, despite the fact that the plaintiff in that case was challenging the 2005 IEP. Similarly here, I will allow Plaintiff to submit the 2007-2008 IEP and 2007-2008 CSE notice as evidence.

### C. Discovery

Finally, Plaintiff asks that if he is permitted to submit additional evidence he should be permitted to utilize the discovery process to obtain documents in the possession of Defendants explaining "how, merely a year after it placed Plaintiff in an overly restrictive environment at BOCES, Defendant recommended a far less restrictive placement for Plaintiff in the 2007-2008 IEP." Plaintiff argues that a "formal discovery process will also be the proper mechanism to discover and potentially admit any other evaluations, reports or information upon which Defendant relied in creating the less restrictive 2007-2008 IEP." Defendant does not argue that

7

discovery would be inappropriate. Rather, Defendant similarly requests permission to conduct meaningful discovery, including depositions, in the event Plaintiff is permitted to submit additional evidence.

"There is no specific restriction, such as in ERISA cases, that prevents a party from discovering information beyond the administrative record." *H.H. ex rel Hough v. Indiana Bd. of Special Educ.*, No. , 2007 WL 2914461, at *2 (N.D. Ind. Oct. 03, 2007); *see also N.P. v. East Orange Bd. Of Educ.*, No. 06-5130, 2008 WL 5100315, at * 2 (D.N.J. Nov. 26, 2008) ("If a Court requires additional evidence in order to form the independent judgment that Congress directed and Defendant is in the possession of the discovery, it follows that the Court should compel discovery"). However, "[t]o permit ongoing and lengthy discovery of a student's current progress through his or her school records, teachers, administrators, paraprofessionals, and doctors, pending an administrative appeal, would increase the litigious nature of proceedings and undermine expediency, contrary to the command to give 'due weight' to the findings of the hearing officer...." *Lillbask*, 193 F. Supp. 2d at 507.

Weighing the concerns expressed above against Plaintiff's right to a fair review of the decisions at the state level, I find that the parties shall be permitted to conduct a limited amount of discovery. A conference is scheduled for April 27, 2009 at 11 a.m. to discuss the precise parameters of such discovery and to enter an appropriate Case Management and Scheduling Order. Three days prior to the April 27, 2009 conference, counsel for the parties are directed to prepare and file on ECF a very specific list of exactly what discovery is contemplated. The Court will make a determination at the conference regarding the boundaries of such discovery.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's motion to supplement the administrative record with additional evidence is GRANTED in part and DENIED in part. Defendant's motion is GRANTED, on the limited basis set forth above.

**SO ORDERED.**

Dated: Central Islip, New York
March 31, 2009

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge